UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
IYONA WHITE                                                        :
                                                                   :  **COMPLAINT**
                           Plaintiff,                              :
                                                                   :
                -against-                                          :  JURY TRIAL DEMANDED
                                                                   :
POLICE OFFICERS CEDRIC BROOKS, (tax no.                            :
941459); EDUARDO SILVA, (tax no. 933356) POLICE                    :
OFFICERS "JOHN DOES" NOS. 1-5 (*the names "John                    :
Doe" being fictitious, the real names being currently*             :
*unknown*),                                                        :
                           Defendants.                             :
------------------------------------------------------------------ X

Plaintiff IYONA WHITE, by and through her attorneys, **THE LAW OFFICES OF KENNETH F. SMITH, PLLC,** complaining of the defendants herein, respectfully shows the Court and alleges:

### PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff seeks relief for the defendants' violation of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981 and 1983; by the United States Constitution, including its First, Fourth, Fifth and Fourteenth Amendments, and by the laws and Constitution of the State of New York.

2. The claims arise from a June 25, 2014 incident in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, *inter alia*, False Arrest, False Imprisonment, Malicious Prosecution, Failure to Intervene, Excessive Use of Force, and Fabrication of Evidence.

3. The plaintiff seeks monetary damages (special, compensatory and punitive) against defendants, as well as an award of attorney's fees and such other and further relief as the Court deems just and proper.

1

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331, 1343 and 1367(a).

5. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

6. Venue herein is proper for the United States District Court for the Eastern District of New York under 28 U.S.C. §1391 (a), (b) and (c), in that the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## JURY DEMAND

7. Plaintiff demands a trial by jury in this action.

## PARTIES

8. Plaintiff IYONA WHITE is a twenty-five year old female who at all times hereinafter mentioned was and is a resident of the State of New York and the County of Kings. She is of African-American descent. Ms. White suffers from Hodgkin's Lymphoma—also known as Hodgkin's Disease—a cancer of the lymphatic system of the immune system.

9. Defendants CEDRIC BROOKS AND EDUARDO SILVA and "*JOHN DOES*" Nos. 1-5 are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the City of New York and/or the New York City Police Department. Defendants Brooks, Silva and "*Does*" are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of the City of New York, were acting for, and on behalf of, and with the power and authority vested in them by the City of New York and the New York City Police Department, and were

otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

10. The defendant police officers are sued in their individual and official capacities.

## STATEMENT OF FACTS

11. On or about June 25, 2014, approximately 11am, plaintiff Iyona White was arrested at the 71st precinct in Brooklyn, at 421 Empire Boulevard in connection with an alleged Robbery that had occurred on June 9, 2014.

12. Plaintiff protested at that time that the allegations were completely baseless and that even the most minimal police investigation would show that she was not a reasonable suspect.

13. In addition, plaintiff showed defendant offers that she was currently (and had been at the time of the alleged incident) under chemotherapy & radiation treatment for lymphatic cancer, and in addition was wearing a vascular access catheter—an open tube into her chest making movement severely uncomfortable.

14. Notwithstanding the foregoing, defendant officers arrested plaintiff, and/or approved her arrest.

15. After spending the night in Central Booking, in filthy and deplorable conditions, Plaintiff was arraigned, on June 26, 2014.

16. Plaintiff was arraigned on a criminal court complaint charging her with multiple felonies, including Gang Assault in the Second Degree (NYPL §120.06, a class "C" violent felony) and, multiple counts of Robbery in the Second Degree (NYPL §§ 160.10(1) and 160.10(2)(A), both class "C" violent felonies, and eight other felony and misdemeanor charges.

17. The Honorable Judge Jeong released plaintiff on her own recognizance and she was ordered to appear in court on September 3, 2014.

18. Defendant appeared in Kings Criminal Court, Part AP-1 on September 3, 2014. Since the Kings County District Attorney's Office did not have any evidence to against plaintiff, the case was adjourned to December 19, 2015 for Final calendar/Dismissal.

19. Between plaintiff's arrest, on June 25, 2014 and December 19, 2014 the Kings County District Attorney's Office, upon information and belief, did absolutely nothing to build, sustain, investigate, or alternatively, to dismiss or otherwise resolve the case against plaintiff.

20. Plaintiff appeared in Kings Criminal Court, Part AP-1 on December 19, 2014, whereupon the Honorable Matthew Sciarrino dismissed all charges against plaintiff and ordered the record sealed pursuant to NY CPL § 160.50.

## GENERAL ALLEGATIONS

21. Plaintiff did not commit any assaults or any other crimes against any persons as alleged by defendant police officers;

22. Defendant police officers knew or reasonably should have known that plaintiff did not commit the alleged crimes she was arrested;

23. Plaintiff did not resist arrest during her interactions with defendant police officers.

24. Plaintiff did not possess any contraband or other illegal materials at any time in the above-mentioned incidents.

25. At all times during the events described, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff;

26. During all of the events described, the defendant police officers acted maliciously and with intent to injure plaintiff.

27. Defendant police officers unlawfully and illegally arrested plaintiff with no probable cause to believe that she had committed a crime.

28. The individual defendant police officers acted under pretense and color of state law in their individual and official capacities and within the scope of their employment. Said acts by said defendant police officers were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendant officers acted maliciously, willfully, knowingly, and with the specific intent to deprive plaintiff of her rights.

29. The individual defendant police officers violated plaintiff's rights by arresting and prosecuting her despite knowing that she was in fact, innocent.

30. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

   a) Violation of plaintiff's rights to Free Speech, pursuant to the First Amendment to the United States Constitution;
   b) Violation of plaintiff's rights, pursuant to the Fourth Amendment of the United States Constitution, to be free from unreasonable search and seizure;
   c) Violation of plaintiff's rights, pursuant to the Fifth and the Fourteenth Amendments to the United States Constitution, to Due Process of Law;
   d) Violation of plaintiff's rights, pursuant to the Eighth Amendment to the United States Constitution, to be free from cruel and unusual punishment;
   e) Loss of liberty;
   f) Stress–related injury or impairment of condition;
   g) An exacerbation of plaintiff's medical symptoms and deleterious impact on plaintiff's cancer treatment protocol & regimen;
   h) Extreme annoyance and inconvenience

## FIRST CLAIM
## (FALSE ARREST UNDER FEDERAL LAW)

31. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein

32. On the above incident date, defendant police officers falsely arrested plaintiff without an arrest warrant, probable cause, or any reasonable suspicion that plaintiff had committed or was in the process of committing a crime.

33. Accordingly, defendant police officers are liable to plaintiff for False Arrest under 42 U.S.C. § 1983; and the Fourth and Fourteenth Amendments to the United States Constitution.

34. As a direct and proximate result of the abuse of authority detailed above, plaintiff sustained the damages stated.

## SECOND CLAIM
## (MALICIOUS PROSECUTION UNDER FEDERAL LAW)

35. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

36. Defendant police officers initiated, commenced and continued a malicious prosecution against plaintiff.

37. Defendant police officers caused plaintiff to be prosecuted without any probable cause, until the charges were dismissed after multiple court appearances approximately six months after they were commenced.

38. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of her Constitutional right to be free from Malicious Prosecution under the First and Fourteenth Amendments to the United States Constitution.

39. As a direct and proximate result of the abuse of authority detailed above, plaintiff sustained the damages stated.

## THIRD CLAIM
### (FAILURE TO INTERVENE UNDER FEDERAL LAW)

40. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

41. On the above described incident date, some of the defendant *"John Doe"* police officers did not have direct contact with plaintiff but had a reasonable opportunity to observe and to prevent the violations of plaintiff's constitutional rights by their fellow officers, but failed to intervene.

42. Accordingly, defendants *"John Does"* are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's Constitutional rights under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

43. As a direct and proximate result of the abuse of authority detailed above, plaintiff sustained the damages stated.

## FOURTH CAUSE OF ACTION
### (Excessive Use of Force)

44. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

45. Defendants Brooks and Silva subjected plaintiff to force that was grossly disproportionate, wholly unnecessary, and in violation of plaintiff's civil, constitutional and statutory rights under 42 U.S.C. §§ 1983 and 1985 and the Constitution of the United States and the State of New York.

46. As a result of the excessive use of force against plaintiff by defendant officers, plaintiff was damaged, as alleged above.

## FIFTH CAUSE OF ACTION
### Falsification of Evidence under 42 U.S.C. § 1983

47. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

48. Defendant officers are liable to plaintiff because they intentionally conspired to fabricate evidence against plaintiff, depriving plaintiff of liberty without due process of law.

49. Furthermore, the defendants violated the law by making false statements by drafting and/or signing sworn criminal court complaints and/or supporting depositions and/or corroborating affidavits, and/or false police reports, with the knowledge that such complaints, supporting depositions, corroborating affidavits and police reports would be relied upon by the District Attorney in determining which, if any, charges to bring against plaintiff.

50. Furthermore, the defendants violated the law by manipulating evidence to attempt to obtain a prosecution and unjust conviction, while performing the function of investigators.

51. The defendants were on notice that creating fabricated evidence is a clear violation of law because it well established that individuals who knowingly use false evidence at trial to obtain a conviction act unconstitutionally and that this is redressable in an action for damages under 42 U.S.C. § 1983.

52. The defendants are also liable to plaintiff because they intentionally created false information likely to influence a fact finder's or jury's decision by, inter alia, forwarding false information to prosecutors, drafting and signing sworn criminal court complaints and police reports, omitting and/or manipulating evidence, fabricating testimony and evidence, suppressing and concealing exculpatory material and evidence, and forwarding and presenting false

8

information to a court thereby violating plaintiff's constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983.

53. As a direct and proximate result of the abuse of authority detailed above, plaintiff sustained the damages stated.

**WHEREFORE**, plaintiff demands a jury trial and the following relief, jointly and severally against the defendants:

a. Compensatory damages in the amount of one million dollars ($1,000,000);

b. Punitive damages in the amount of two million dollars ($2,000,000);

c. Costs, interest and reasonable attorney's fees, pursuant to 42 U.S.C. § 1988; and,

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

Dated: Brooklyn, New York
July 1, 2015

Respectfully submitted,

**KENNETH F. SMITH**
Counsel for Plaintiff

_____

The Law Offices of
Kenneth F. Smith, PLLC
16 Court Street, Suite 2901
Brooklyn, NY 11241
(646) 450-9929
(646) 514-4524 (FAX)